| | |
|---|---|
| STATE OF MAINE | SUPERIOR COURT |
| AROOSTOOK, ss. | DOCKET NO. CARSC-CV-2017- |

GALE ANDERSON, Individually and )
as Co-Personal Representative of the )
Estate of John Anderson, of Stockholm, )
County of Aroostook, State of Maine, )
)
NANCY ANDERSON, Individually and )
as Co-Personal Representative of the )
Estate of John Anderson, of Stockholm, )
County of Aroostook, State of Maine )
)           COMPLAINT FOR BREACH
          PLAINTIFFS  )           OF CONTRACT AND
)           DECLARATORY JUDGMENT
vs. )
)
LIBERTY MUTUAL INSURANCE, an )
insurance company licensed and )
authorized to do business in the State )
of Maine, )
)
)
)
          DEFENDANT  )

Plaintiffs, Gale Anderson and Nancy Anderson, individually and as Co-Personal Representatives of the Estate of John Anderson, for cause of action against the Defendant, Liberty Mutual Insurance, states the following:

### ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff, Gale Anderson, is the Co-Personal Representative of the Estate of John Anderson, his unmarried son, late of Stockholm, County of Aroostook, State of Maine.

2. Plaintiff, Nancy Anderson, is the Co-Personal Representative of the Estate of John

Anderson, her unmarried son, late of Stockholm, County of Aroostook, State of Maine.

3. Pursuant to the provisions of 18-A M.R.S.A., §2-804 and 2-106, the Plaintiffs are beneficiaries of their son's Estate.

4. Liberty Mutual Insurance is an insurance company authorized to issue life insurance policies in the State of Maine with offices located throughout the State of Maine.

5. On or about January 30, 2016, the Plaintiffs' deceased son, John Anderson, was the operator of a snowmobile, on Interconnected Trial System (ITS) 83, in New Sweden, Maine.

6. At said time and place, the snowmobile operated by John Anderson was involved in an accident in that the snowmobile left the trail, struck a tree as a result of which the aforesaid John Anderson suffered and sustained fatal injuries and died.

7. The accident and resulting death of John Anderson was an unfortunate accident and not the result of negligent operation of the deceased, nor caused by consumption of drugs or alcohol.

8. At all times relevant hereto, the life of John Anderson was covered under a group life insurance policy with Accidental Death and Dismemberment coverage in the amount of $50,000.00.

## COUNT I
## DECLARATORY JUDGMENT, LIBERTY MUTUAL INSURANCE

9. Defendant, Liberty Mutual Insurance, issued a group life insurance policy to John Anderson, who paid all insurance premiums therefore. The policy that was issued, i.e. Policy No. SA3-810-260791-01, was in full force and effect on the date of the accident which resulted in the death of John Anderson.

10. Plaintiffs have demanded that Defendant, Liberty Mutual Insurance, compensate them as beneficiaries under the Accidental Death and Dismemberment provision they are legally entitled to recover due to the death of their son. Liberty Mutual Insurance has refused to honor the claim made under the Accidental Death and Dismemberment coverage of the policy issued to John Anderson.

11. Defendant, Liberty Mutual Insurance, contends it is not liable to Plaintiffs, Gale Anderson and Nancy Anderson, under its Accidental Death and Dismemberment coverage of its policy issued to John Anderson.

12. There is a real and present controversy between the parties as to the rights, duties and obligations of the parties under the Liberty Mutual Insurances's policy and the laws of the State of Maine. Accordingly, Plaintiffs, Gale Anderson and Nancy Anderson, seek a declaratory judgment reforming and construing Liberty Mutual Insurance's policy to provide Accidental Death and Dismemberment coverage to them under these circumstances.

13. Plaintiff, Gale Anderson, asserts that as beneficiary under this Liberty Mutual Insurance policy that he is entitled to recover damages under the Accidental Death and Dismemberment provisions thereof.

WHEREFORE, Plaintiffs, Gale Anderson and Nancy Anderson, seek a declaratory judgment in favor of Plaintiffs and against Liberty Mutual Insurance:

(a) Reforming and construing the Liberty Mutual Insurance policy to provide Accidental Death and Dismemberment coverage to Plaintiff, Gale Anderson;

(b) For costs and attorney's fees as allowed by law; and

(c) For such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT- LIBERTY MUTUAL INSURANCE

14. Plaintiffs, Gale Anderson and Nancy Anderson, repeat and reallege, each and every allegation contained in Paragraphs 1 through 13 hereof.

15. In exchange for the payment of a premium, Liberty Mutual Insurance promised to provide the deceased, John Anderson, with Accidental Death and Dismemberment coverage as part of his group life insurance policy. Defendant, Liberty Mutual Insurance, has breached its contract of insurance by failing and refusing to honor the Accidental Death and Dismemberment coverage of the insurance policy issued to John Anderson and by failing to compensate Plaintiff Gale Anderson, the beneficiary under the policy of insurance, for the full amount of coverage provided under the Accidental Death and Dismemberment provision of the policy.

16. Plaintiffs furnished Liberty Mutual with written notice of the death of Plaintiff's Decedent and in all other respects has fully complied with the terms and conditions of the policy.

17. As a result of Defendant, Liberty Mutual's breach of contract, Plaintiff, Gale Anderson, is entitled to recover compensatory damages from Liberty Mutual Insurance.

WHEREFORE, Plaintiff, Gale Anderson, prays for the entry of judgment in favor of Plaintiff and against Defendant, Liberty Mutual Insurance, for such damages as are just and

reasonable in the circumstances, for interest and costs and for such other and further relief as the Court may deem just and proper.

Dated: August 14, 2017

                                                                                                   DAN P. UMPHREY, ESQUIRE
                                                                                                   Solman & Hunter, P.A.
                                                                                                   Attorney for Plaintiff
                                                                                                   P.O. Box 665
                                                                                                   Caribou, ME 04736
                                                                                                   Maine Bar No. 4502

Z:\DAN\COURT FILES\Anderson, John\Complaint.wpd